HARLOW BAIRD, Appellant, v. E. S. ELLSWORTH, Appellee.

**Tax Title :** NOTICE : LACHES OF OWNER : ESTOPPEL.   A tax deed issued upon insufficient notice will not be deemed invalid as against one claiming the property as owner, whose interest therein does not appear of record, and who for nearly twenty-eight years stood silently by and permitted others to pay the taxes thereon, and spend money and labor in acquiring title and improving the land.

*Appeal from Sioux District Court.*—HON. C. H. LEWIS, Judge.

FRIDAY, JANUARY 23, 1891.

THIS is an action in equity.   The plaintiff claims to be the owner of the southwest quarter of the northeast quarter of section number 34, in township 95 north, of range 47 west, and asks to have set aside a tax deed therefor, and to be permitted to redeem from tax sale. The defendant also claims to be the owner of the land described, and asks that the title thereto be quieted in him.   There was a trial on the merits, and a decree in favor of defendant.   The plaintiff appeals.

*Pitts & Kessey*, for appellant.

*W. S. Palmer*, for appellee.

ROBINSON, J.—The land in controversy was conveyed to plaintiff by a patent from the general government, which was dated December 1, 1859. On the fifteenth day of that month plaintiff conveyed the land to Alfred M. Elam, to be held by him in trust for plaintiff. In the year 1866, or 1867, Elam reconveyed the land to plaintiff by a deed which was never recorded, and which is now lost. Neither plaintiff nor Elam paid any taxes on the land. On the fourteenth day of December, 1865, the treasurer of Sioux county issued to E. L. Stone a tax deed for the land, on account of an alleged sale thereof made on the fourteenth day of November, 1860, for delinquent taxes for the years 1858 and 1859. The deed so issued was recorded on the third day of January, 1866. On the fifteenth day of October, 1869, a second tax deed for this land, which recited that it was made in obedience to a writ of *mandamus* issued from the district court of Woodbury county "in place of and instead of" the deed first named, was executed. The second tax deed was recorded on the third day of December, 1869. On the twenty-fifth day of September, 1869, Stone conveyed the land to Eli Johnson by a deed which was recorded on the thirtieth day of the same month. On the fifth day of November, 1869, Johnson conveyed the land to Oliver Wilderman by a deed which was recorded on the next day. On the first day of December, 1879, the land was sold for the delinquent taxes of 1878, and on the second day of January, 1883, a treasurer's deed therefor was executed to the defendant, and recorded on the sixth day of that month. Prior to the year 1884, the land was unimproved and unoccupied. In that year the defendant took actual possession of it, and had one acre thereof broken. In the next year he had ten acres more broken and cultivated. In the summer of the year 1887, one Edwards, acting for the plaintiff,

took possession of the premises. An action of forcible entry and detainer was thereupon commenced by defendant against Edwards, and decided in favor of the latter. An appeal was taken in the case to the district court, and has been continued therein, without determination, to await the final disposition of this case. In January, 1885, the defendant commenced an action in the district court of Sioux county to quiet his title to the land, to which he duly made parties defendant Elam, Johnson and Wilderman, and on the twenty-third day of November following, obtained a decree as prayed. This action was commenced in September, 1887.

The plaintiff contends that at the time of the sale under which the deed to defendant was executed the delinquent tax for which the sale was made was not entered on the tax list of 1879, as required by section 845 of the Code ; also, that at the time when the notice of the expiration of the time for redemption should have been served the land was taxed in the name of Wilderman, but that the notice required by law was not served upon him. It is also claimed that the tax sale of 1860, and the tax deeds based thereon, were invalid, for reasons which it is not necessary to state. The defendant denies the alleged defects in the tax deed of 1883, and insists that the plaintiff is estopped to maintain this action. The evidence tends to show that the notice of the expiration of the time for redeeming from the sale of 1879 was defective. Appellee, however, contends that the facts disclosed by the record should estop appellant from asserting any title to the land, and we are of the opinion that the claim is well founded. It is not shown when the land was entered, but it is quite satisfactorily shown that during the period of nearly twenty-eight years, which elapsed from the time of plaintiff's conveyance to Elam until the commencement of this action, the plaintiff, knowing that his interest in the land was not disclosed by the record, stood silently by and saw others, in good faith, discharging the obligations which, if his claims be true,

the law devolved upon him. He states that he watched the land, and examined the records from year to year, and consulted his attorneys in regard to it, and that he knew of the payment of taxes and of the claimants of the land. It follows from what he states that he knew of the first tax sale and of the tax deeds to Stone; that he knew of the conveyance which vested the Stone title in Wilderman; that he knew of the sale and conveyance to Ellsworth, and of the action of the latter to quiet his title against all persons who appeared to have an interest in the land adverse to him; and he knew that defendant took possession of and improved the land. He knew that his alleged interest in the land was neither disclosed nor suggested by the record, for the reason that his deed to Elam did not disclose its trust character, and the deed of Elam to himself was not recorded. He had no reason to think that defendant had any knowledge of his claim to the land, and the defendant did not in fact have such knowledge until June, 1887. By his own act in divesting himself of the title of record, plaintiff had misled defendant as to the true condition of the title, and caused him trouble and expense to quiet it in himself.

In ordinary cases, mere lapse of time might not estop the owner of the fee from asserting his title as against a tax deed issued on insufficient notice, but the circumstances of this case are peculiar. Although it was the duty of appellant to pay all taxes legally levied upon the land while he owned it, he wholly failed to do so. He does not claim that his failure was the result of oversight or misfortune, or other cause which might to some extent excuse the failure. It is true he says he could not get the money to use for that purpose, but the facts which appear of record satisfy us that the reason given was not the true one, and that he failed to pay the taxes and redeem the land from tax sale because until recently he did not deem the land of sufficient value to justify the expense. Instead of being diligent to protect his interests, he concealed them, neglected his duty, and saw others expend money and labor in

acquiring title and improving the land. His purpose seems to have been to carefully observe what was done with the land, with the intent to take advantage of his concealed interest to defeat the title which others supposed they were acquiring, whenever the enhanced value of the land should seem to justify him, from a pecuniary standpoint, in doing so. It is evident that plaintiff has acted in bad faith in this matter, and that to aid him in recovering this land would be to aid in the perpetration of a fraud for the benefit of the person who planned it at the expense of one who has acted diligently and in good faith. Under these circumstances, we will not inquire as to the sufficiency of the tax deeds to Stone and the defendant to convey perfect titles as against all adverse interests. Presumptively, they are sufficient; and, since at the beginning of the investigation it appears that plaintiff is estopped by his own conduct from questioning them as against defendant, we will not go further than to hold that, as between the parties to this action, they are valid.

The decree of the district court is AFFIRMED